United States District Court
Southern District of Texas
**ENTERED**
October 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL CAMPOS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-281 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the Mark W. Stiles Unit in Beaumont, TX. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his August 29, 2012 Nueces County conviction for aggravated robbery. (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 9). Petitioner failed to file a response. Therefore, Respondent's Motion for Summary Judgment may be considered unopposed in accordance with Local Rule 7.4. However, the undersigned has considered the merits of the pending motion as Petitioner is proceeding *pro se*. For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be summarily **DISMISSED with prejudice** as time barred. (D.E. 9). It is further recommended that a Certificate of Appealability be **DENIED**.

## I.     JURISDICTION

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  Petitioner was convicted by a court located in Nueces County, Texas.  (D.E. 1).  Therefore, this matter is properly before this Court. 28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

Petitioner was convicted, after a jury trial, of aggravated robbery in Nueces County, Texas on August 29, 2012 and sentenced to 65 years imprisonment.  (D.E. 8-22, Pages 75-77).  On direct appeal, Petitioner's sentence was affirmed on January 6, 2014. (D.E. 8-18).  The Texas Court of Criminal Appeals subsequently refused his petition for discretionary review ("PDR") on June 11, 2014.  *Campos v. State*, No. PD-267-14 (Tex. Crim. App. 2014)(pet. ref'd).

On June 21, 2015, Petitioner filed a state habeas petition challenging his conviction which was denied by the Texas Court of Criminal Appeals without written order on March 16, 2016.  (D.E. 8-20 and D.E. 8-22, Page 22). Petitioner filed the pending federal habeas petition on June 13, 2016.[1]  (D.E. 1, Page 14).

---

[1]The petition was signed on June 13, 2016 and received by the Clerk of Court 18 days later on July 1, 2016.  (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")  Determining the actual date of mailing is unnecessary in this instance because Petitioner's action is still time barred even his petition were mailed on the day it was signed.

### III.    DISCUSSION

Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

>   (A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review.  28 U.S.C. § 2244(d)(2).  Here, Petitioner's cause of action accrued, and he filed his current federal application for writ of habeas corpus, after the effective date of AEDPA which was April 24, 1996, and therefore Petitioner is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on September 9, 2014, when the period for timely filing a petition for writ of certiorari with the Supreme Court expired.  *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).  Therefore, the federal limitations period expired one year later on September 9, 2015.[2]  However, Petitioner's state habeas petition

---

[2] This date is calculated using the date on which Petitioner's judgment became final.  28 U.S.C. § 2244(d)(1)(A).  Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and

tolled the limitations period from June 21, 2015 to March 16, 2016, extending the limitations period to June 6, 2016.[3]  Petitioner did not file his federal petition until June 13, 2016, one week too late.

The one year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010)(citations omitted); *see also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013)(citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)).  "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id*.  *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013)(citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002)(It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.")(citation omitted).  Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason),

---

made retroactive to cases on collateral review nor was there an impediment to filing an application created by State action.  28 U.S.C. § 2244(d)(1)(B) and (C).  Additionally, Plaintiff's claim is based upon evidence that was available to him at the time of sentencing or shortly thereafter.  28 U.S.C. § 2244(d)(1)(D).

[3] The limitations period would have ended on June 4, 2016, which was a Saturday.  Therefore, the undersigned has calculated the limitations period as ending on the following Monday, June 6, 2016.  Fed. R. Civ. P. 6(a)(1)(C).

ignorance of the law, or even lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999)(citation omitted).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. The fact he missed the filing deadline by only one week is not in itself grounds for equitable tolling of the limitations period. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264-65 (5th Cir. 2002)(finding four-day delay in filing a federal habeas petition by a death row inmate did not justify equitable tolling); *see also Houston v. Stephens*, No. H-14-2871, 2015 WL 1519083, at *3-4 (S.D. Tex. March 31, 2015)(Habeas petitioner was not entitled to equitable tolling because he filed his federal petition only eight days after limitations period ended); *see also Espinoza v. Dir., TDCJ-CID*, CIV.A. 6:08CV92, 2009 WL 961173, at *4 (E.D. Tex. Apr. 8, 2009)(finding that "the fact [petitioner] filed his federal habeas corpus petition only four days after the limitations period expired does not itself offer any basis for relief, equitable or otherwise [because] [t]he Fifth Circuit has specifically held that the limitations period represents a bright line, and that the deadline cannot be adjusted merely because petitioner missed it by only a few days)(citation omitted).

The Fifth Circuit in *Lookingbill* found:

> In past cases, we have focused on the reasons for missing the deadline rather than on the magnitude of the tardiness. At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible. Such laxity would reduce predictability and would prevent us from treating the similarly

situated equally.   We consistently have denied tolling even where the petitions as only a few days late. *Id*. (citations omitted).

Further, the pleadings do not suggest Petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.  Given the law as discussed above, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.  Petitioner did not diligently pursue his rights, delaying more than nine months before filing for any post-conviction relief after his sentence became final and approximately three months after his state habeas petition was denied to file the pending federal habeas petition.

While Petitioner asserts he was "misled by the untrained law library staff" as to his filing time limitations, as stated previously, ignorance of the law or lack of representation does not operate to toll the limitations period.  (D.E. 1, Page 13); *Coleman*, 184 F.3d at 402; *Sutton*, 722 F.3d at 317; *Turner*, 177 F.3d at 393; *see also Holland v. Fla.*, 560 U.S. 631, 652-53 (2010)(Equitable tolling applies where a petitioner is actively misled by his attorney; attorney negligence does not suffice).

Petitioner also asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period.  (D.E. 1, Pages 10, 11 and 13).  "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'"  *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009)(citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000)(other citations omitted).  However, the Supreme Court has held that a

plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013)(citation omitted). The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted). Petitioner fails to cite to any evidence in his petition or supporting brief showing that he satisfies the demanding actual innocence standard and does not provide any newly discovered evidence in support of his claim other than his own conclusory allegations. Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard and his petition is time barred.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court

has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.     RECOMMENDATION

It is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** (D.E. 9) and Petitioner's action be **DISMISSED with prejudice** as time barred.  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 11th day of October, 2016.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).